R. R. OSBORN V. STATE.

No. 26,240. February 4, 1953.
Rehearing Denied March 18, 1953.

*M. Gabriel Nahas, Jr.,* Houston, for appellant.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for misdemeanor embezzlement, the punishment assessed by the court, one day in jail and a fine of $25.

The testimony regarding the employer-employee relationship between appellant and J. W. Parker is the same as in Osborn v. State, No. 26,239 (page 378, this volume).

The evidence shows that appellant rendered services to Charles Fry, for which he received $25.00.

Mrs. Taylor, receptionist and bookkeeper at the clinic, testified that as Fry was paying her the $25.00 appellant told her not to issue a receipt for it; that appellant took $15.00 of the $25.00 and gave her $10.00 and said "what they don't know in headquarters wont hurt;" that she informed Dr. Parker of this occurrence.

Appellant, as a witness in his own behalf, admitted that he used the money in question to buy food for his children and believed that he did not get paid what was owing to him on

the books. He admitted that he said to Mrs. Taylor on the occasion "You take the ten dollars and I will take the fifteen, as we need this more than they do in Dallas."

The evidence sustains the trial judge's finding that appellant embezzled more than $5.00 of the money received from Mr. Fry under his employment contract. Appellant's testimony, at best, but raised a defensive issue as to his intent, which issue was resolved against him.

No reversible error appearing, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The reasons assigned for overruling the motion for rehearing in Case No. 26,239, (page 378, this volume), against this appellant, are applicable and controlling here.

For the reasons there assigned, the motion for rehearing is overruled.

Opinion approved by the court.